1

2 **E-Filed 3/3/06**

3

4

5

6

7

8 NOT FOR CITATION

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

12

13 ELIZABETH DEL CARMEN PEZOA,          Case Number C 05-03717 JF

14          Plaintiff,          ORDER[1] (1) GRANTING IN PART
                                MOTION TO DISMISS, AND (2)
15     v.                       REFERRING PARTIES TO
                                MAGISTRATE JUDGE TRUMBULL
16 COUNTY OF SANTA CLARA, et al.,
                                [Docket No. 8]
17          Defendants.

18

19          On September 14, 2005, Plaintiff Elizabeth Del Carmen Pezoa ("Pezoa") filed a

20 complaint alleging employment discrimination against Defendants County of Santa Clara ("the

21 County"), Hung Mahn Nguyen aka Sung Nguyen ("Nguyen"), and Does 1 through 25.  On

22 January 17, 2006, the County of Santa Clara filed a motion to dismiss for failure to state a claim

23 upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and lack

24 of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Pezoa opposes the motion.

25 The Court heard oral argument on March 3, 2006.

26

27 ─────────────

28 [1] This disposition is not designated for publication and may not be cited.

# I. BACKGROUND

Pezoa alleges the following.  Originally from Chile, Pezoa began working for the County as a psychiatric social worker on or about June 11, 2001.  Nguyen, also employed by the County, "maintained a workplace for psychiatric social workers that was segregated."  He designated two groups of workers—"a 'Vietnamese Group' and a 'Latino Group' whose working areas were officially designated by hallway signs with those specifications."  Nguyen treated the two groups differently, "giving the 'Vietnamese Group' employees lower case loads and more flexibility in work hours than non-Vietnamese employees, including Plaintiff."  Pezoa "complained all the way up the County's chain of command to the level of the Board of Supervisors."  In response to these complaints, Defendants "retaliated against Plaintiff and/or did nothing to protect her from retaliation."  Additionally, Pezoa alleges that Nguyen "has been convicted of sex crimes and is a mentally disordered sex offender."

Plaintiff alleges generally that she "has exhausted her administrative remedies."  On August 28, 2003, the San Jose Local Office of the United States Equal Employment Opportunity Commission ("EEOC") issued a determination letter, stating:

> The evidence uncovered during the Commission's investigation establishes that Respondent segregates its psychiatric social workers on the basis of race and/or national origin.  Respondent has created a "Latino Room" for its non-Vietnamese social workers.  Respondent is not coy about this as it even has hallway signs designating 'Latino Group" and "Vietnamese Group".  Moreover the evidence shows that Vietnamese social workers are benefitted by having lower case loads and are accorded more flexibility in work hours than non-Vietnamese.  As a result of Respondent's practices, there is little communication or interaction between the various racial and ethnic groups, creating racial and ethnic tension and a hostile work environment.
>
> The investigation also disclosed that Charging Party was retaliated against for engaging in protected activity, in that she continued to be subjected to a segregated work environment and an increased case load after she complained.

Opposition to Motion to Dismiss, Ex. 1.  On July 19, 2005, the Civil Rights Division of the United States Department of Justice issued a "Notice of Right to Sue Within 90 Days."

Pezoa alleges four claims for relief: (1) employment discrimination pursuant to 42 U.S.C. §§ 2000e-2(a)(1) and (2), (2) for retaliation pursuant to 42 U.S.C. § 2000e-3(a), (3) violation of

2

California Labor Code §§ 1102.5 and 1105, and (4) for harassment and failure to prevent harassment pursuant to California Government Code § 12940(j).

## II. DISCUSSION

The County moves to dismiss Pezoa's federal and state law claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that she has failed to allege that she suffered any adverse employment action. The County also moves to dismiss Pezoa's state law claims for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that she has not alleged that she filed an administrative complaint with the California Department of Fair Employment and Housing ("DFEH").[2] Additionally, the County moves to dismiss Pezoa's claims for punitive damages on the ground that punitive damages against the County are barred.

**1.      Motion to dismiss for failure to state a claim**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, 35 F.3d at 474.

*a. Discrimination claims*

Pezoa alleges discrimination claims under Title VII of the Civil Rights Act of 1964

---

[2] The County originally moved to dismiss Pezoa's federal law claims for lack of jurisdiction on the ground that she did not allege that she filed a complaint with the EEOC. However, Pezoa's opposition papers included a determination letter issued by the EEOC on August 28, 2003 and a right-to-sue notice issued by the Civil Rights Division of the United States Department of Justice on July 19, 2005. The County conceded in its reply that Pezoa has satisfied the jurisdictional requirements for alleging federal law employment discrimination claims.

1   ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Fair Employment and Housing Act ("FEHA"),

2   California Government Code § 12900 *et seq*.  Her first claim is for employment discrimination

3   pursuant to 42 U.S.C. §§ 2000e-2(a)(1) and (2).   As construed by United States Supreme Court

4   and the circuits, Title VII provides redress for discriminatory treatment only when that treatment

5   rises to the level of an adverse employment action.  *See, e.g. St. Mary's Honor Center v. Hicks*,

6   509 U.S. 502, 506-08 (1993) (discussing Title VII as a remedy for "adverse employment

7   actions"); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (stating that the

8   factors for a *prima facie* case of discrimination under the federal burden shifting framework

9   include proof that the plaintiff "suffered an adverse employment action").  However, when a

10  claim under Title VII is based upon the creation of a hostile work environment, an adverse

11  employment action is not required.  *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765

12  (1998) (holding that an employer may be liable for the creation of a hostile work environment

13  absent any "tangible employment action").  In a hostile work environment case, "[w]hen the

14  workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently

15  severe or pervasive to alter the conditions of the victim's employment and create an abusive

16  working environment, Title VII is violated." *Dominguez- Curry v. Nevada Transp. Dept*., 424

17  F.3d 1027, 1034 (9th Cir. 2005) (quoting *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993)).  In

18  order to establish a hostile work environment claim on the basis of race or national origin, Pezoa

19  must show "(1) that she was subjected to verbal or physical conduct based on her race or national

20  origin; (2) that the conduct was unwelcome; and (3) that the conduct was 'sufficiently severe or

21  pervasive to alter the conditions of [her] employment and create an abusive work environment.'"

22  *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005) (citing *Vasquez v. County of Los*

23  *Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

24          It is not clear whether Pezoa's first claim alleges discriminatory treatment, hostile work

25  environment, or both.  She alleges only that Defendants "maintained a workplace for psychiatric

26  social workers that was segregated in violation of 42 USC 2000e-2(a)(2)" and "maintained a

27  policy in violation of 42 USC 2000e-2(a)(1)."  Under either theory, these general allegations do

28

4

not state a claim upon which relief can be granted.  Under the discriminatory treatment theory, Pezoa must allege specifically that she was subject to an adverse employment action.  Under the hostile work environment theory, Pezoa must allege additional facts that would show that there was severe or pervasive conduct that created a hostile work environment.  Accordingly, the Court will dismiss Pezoa's first claim with leave to amend.

Pezoa's fourth claim is for harassment and failure to prevent harassment pursuant to California Government Code § 12940(j).  The County's position with respect to this claim is not entirely clear.  The County argues that in order "[t]o properly plead retaliation under FEHA a plaintiff must show that he or she suffered an adverse employment action due to a discriminatory motive."  However, Pezoa's only claim under FEHA is for harassment and failure to prevent harassment, not retaliation.  Moreover, while the County makes arguments with respect to the adverse employment action requirements under FEHA, it specifically requests the dismissal of only Pezoa's third claim, brought pursuant to the California Government Code.  Accordingly, the Court will not dismiss the fourth claim.  However, the Court notes that this claim, like Pezoa's other claims, contains very few specific allegations.  In order to avoid another round of motion practice, the Court recommends that Pezoa allege her fourth claim with greater specificity when she files an amended complaint.

*b.  Retaliation claims*

Pezoa alleges retaliation claims under Title VII and the California Labor Code.  Pezoa's second claim is for retaliation pursuant to 42 U.S.C. § 2000e-3(a).  In order to make out a prima facie case of retaliation, Pezoa "must establish that [she] undertook a protected activity under Title VII, [her] employer subjected [her] to an adverse employment action, and there is a causal link between those two events."  *Vasquez v. County of Los Angeles*,  349 F.3d 634, 646 (9th Cir. 2003).  The Ninth Circuit has held that "an action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity."  *Id*. (quoting *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)).  Pezoa's third claim, also for

Case No. C 05-03717 JF
ORDER (1) GRANTING IN PART MOTION TO DISMISS, AND (2) REFERRING PARTIES TO MAGISTRATE JUDGE TRUMBULL
(JFLC1)

retaliation, is brought pursuant to California Labor Code §§ 1102.5 and 1105.[3] "To establish a prima facie case for retaliation under Section 1102.5, an employee must show (1) that he engaged in protected activity, (2) that he was thereafter subjected to an adverse employment action by his employer, and (3) that there was a causal link between the protected activity and the adverse employment action." *Love v. Motion Industries, Inc.*, 309 F.Supp.2d 1128, 1134 (N.D. Cal., 2004) (citing Morgan v. Regents of University of California, 88 Cal.App.4th 52, 69 (2000).

Pezoa alleges conclusively that "[i]n reaction to her complaints, the Defendants retaliated against Plaintiff and/or did nothing to protect her from retaliation in violation of the aforementioned statutes and in criminal violation of Section 1103 of the California Labor Code." Because her complaint does not include any specific allegation of how, if at all, she was treated differently after she complained, Pezoa has not stated a claim of retaliation upon which relief can be granted.  Accordingly, Pezoa's second and third claims will be dismissed with leave to amend.

**2.      Jurisdiction**

The County argues that the Court lacks jurisdiction over Pezoa's claims brought under FEHA and the California Labor Code because Pezoa has not expressly alleged that she filed an administrative complaint with the DFEH.  She alleges only generally that she "has exhausted her administrative remedies."

Because the Court will dismiss Pezoa's third claim for failure to state a claim upon which relief can be granted, the Court will deny the County's motion to dismiss Pezoa's third claim for lack of jurisdiction as moot.   However, the Court notes that Pezoa's third claim is brought pursuant to the California Labor Code, and the requirement that a plaintiff file a complaint with DFEH applies only to claims brought under FEHA. *Rodriguez v. Airborne Express,* 265 F.3d 890, 896 (9th Cir. 2001) ("If alleging discrimination under FEHA, plaintiff must file a charge of

---

[3] California Labor Code § 1105 provides: "Nothing in this chapter shall prevent the injured employee from recovering damages from his employer for injury suffered through a violation of this chapter."

Case No. C 05-03717 JF
ORDER (1) GRANTING IN PART MOTION TO DISMISS, AND (2) REFERRING PARTIES TO MAGISTRATE
JUDGE TRUMBULL
(JFLC1)

1    discrimination with [DFEH] within one year of the unlawful employment practice.").

2         The Court also will deny the County's motion to dismiss Pezoa's fourth claim for lack of

3    jurisdiction.  Pezoa alleges that administrative remedies have been exhausted.  Moreover, the

4    Court will presume for present purposes that the complaint filed with the EEOC demonstrates

5    that a complaint was also filed with DFEH: "The EEOC and DFEH operate under an agreement

6    whereunder complaints filed with one agency are crossfiled with the other."  *Chavira v. Payless*

7    *Shoe Source*, 140 F.R.D. 441, 442 n. 1 (E.D.Cal.,1991).  As counsel for the County pointed out at

8    oral argument, it is possible that the DFEH administrative remedies have not been exhausted.

9    However, the Court will not at this time dismiss Pezoa's claim brought pursuant to FEHA

10   without a clear showing that the normal practice of crossfiling complaints with the EEOC and

11   DFEH was not followed in this particular instance.

12

13   **3.**      **Punitive damages**

14        The County moves to dismiss Pezoa's claims for punitive damages on the ground that

15   punitive damages against the County are barred.  In opposition, Pezoa notes that in the complaint

16   punitive damages are sought against only "individual defendants," not "all defendants."  Pezoa

17   indicates that she is willing to enter into a stipulation "that 'individual' means human beings as

18   opposed to the collective entity known as the 'County.'" The County does not respond to this

19   concession in its reply.  The Court construes Pezoa's claims for punitive damages to be alleged

20   against only the individual defendants, not against the County.  Accordingly, the Court will deny

21   the County's motion to dismiss Pezoa's claims for punitive damages.

22

23                    **III. ORDER**

24        Good cause therefore appearing, IT IS HEREBY ORDERED that the County's motion to

25   dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED as set fort herein.  IT

26   IS FURTHER ORDERED that the County's motion to dismiss pursuant to Federal Rule of Civil

27   Procedure 12(b)(1) is DENIED.

28

Case No. C 05-03717 JF
ORDER (1) GRANTING IN PART MOTION TO DISMISS, AND (2) REFERRING PARTIES TO MAGISTRATE
JUDGE TRUMBULL
(JFLC1)

1    Additionally, as was discussed at the March 3, 2006 hearing, the Court hereby refers the

2  parties to Magistrate Judge Trumbull for an early settlement conference.

3

4  DATED:  March 3, 2006

5

6

7  _____
   JEREMY FOGEL
8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1  This Order has been served upon the following persons:

2  Marguerite M. Buckley      magibee2004@yahoo.com, janbtucker@aim.com

3  Michael L. Rossi      michael.rossi@cco.co.scl.ca.us

9

Case No. C 05-03717 JF
ORDER (1) GRANTING IN PART MOTION TO DISMISS, AND (2) REFERRING PARTIES TO MAGISTRATE
JUDGE TRUMBULL
(JFLC1)