UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH DEL CARMEN PEZOA,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, HUNG MAHN NGUYEN aka SUNG NGUYEN,<br><br>  Defendants. | Case No.: C 05-3717 JF (PVT)<br><br>**ORDER GRANTING DEFENDANT HUNG MAHN NGUYEN'S MOTION TO COMPEL AND VACATING HEARING DATE** |

### INTRODUCTION

Defendant Hung Mahn Nguyen aka Sung Nguyen ("Nguyen") moves to compel plaintiff Elizabeth Del Carmen Pezoa ("Pezoa") to provide responses to requests for production. Plaintiff Pezoa has not opposed the motion.[1] The court finds that this motion is suitable for adjudication on the papers and vacates the hearing date. *See,* Civ. L.R. 7-1(b). Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the court grants defendant Nguyen's motion to compel.[2]

---

[1] Plaintiff did not respond to the motion whatsoever. She filed neither an opposition to the motion to compel nor a statement of nonopposition pursuant to Civ. L.R. 7-3.

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

## BACKGROUND

Plaintiff was formerly employed as a social worker with the county of Santa Clara. Her supervisor was defendant Nguyen. Plaintiff alleges that defendant Nguyen segregated social workers under his supervision based on their ethnicity and that social workers of Vietnamese descent (and not Latino descent) were afforded certain privileges that included reduced caseloads and more flexible working hours. As a social worker of Chilean descent, plaintiff alleges she was denied such privileges during the course of her employment. Additionally, plaintiff alleges negligent hiring by the county because defendant Nguyen had been previously convicted of sex crimes.

On September 14, 2005, plaintiff filed a complaint alleging various state and federal employment discrimination and harassment claims.

On February 20, 2007, defendant Nguyen served a request for production. From March-July 2007, defendant Nguyen granted numerous requests by plaintiff for extensions of time to respond to the request for production. On May 8, 2007, plaintiff produced documents unaccompanied by specific responses and a verification. On July 5, 2007, plaintiff informed defendant Nguyen that an original response to the request for production had been misplaced and later would be served. Defendant Nguyen granted an additional extension until July 18, 2007 to serve a response and verification. Plaintiff has served a verification but has failed to serve a response. To date, plaintiff has failed to serve defendant Nguyen any response to the request for production.

## DISCUSSION

Defendant Nguyen moves to compel plaintiff to produce documents responsive in the following categories: (1) any documents related to plaintiff's exhaustion of administrative remedies;(2) any documents related to plaintiff's communications pertaining to defendant Nguyen; (3) any documents related to plaintiff's alleged employment claims; (4) any documents related to defendant Nguyen's alleged violations of state labor laws; (5) any documents related to an investigation of the alleged employment claims by the Department of Justice; and (6) any documents related to plaintiff's claims for damages. The request for production was served initially on

1  February 20, 2007. Following several requests for additional time to respond, plaintiff produced
2  documents on May 8, 2007. However, the documents produced were unaccompanied by any written
3  response or verification. Despite numerous entreaties from defendant Nguyen from May 8, 2007
4  until July 18, 2007 to serve a written response to the request for production, plaintiff did not serve
5  any written response. Defendant Nguyen complains that without a written response to the request
6  for production, it remains unclear whether plaintiff has any objections, whether all responsive
7  documents have been produced or whether any documents have been withheld on the basis of
8  privilege or attorney work-product.

9  Under the Federal Rules of Civil Procedure,

> The party upon whom the request is served shall serve a written response within 30 days after service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the form or forms for producing electronically stored information, stating the reasons for the objection.

14 Fed. R. Civ P. 34(b).

15  Without ruling on the relevance of the specific categories of documents contained in the
16 request for production (as the *actual* request for production which was served on plaintiff was not
17 filed with the court), defendant Nguyen is entitled to a written response to the request for
18 production. In light of the untimely written response, all objections are waived. *See, e.g., Richmark*
19 *Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992)("Failure to object to
20 discovery requests within the time required constitutes a waiver of any objection."). Accordingly,
21 plaintiff shall serve defendant Nguyen with a written response to the request for production.

## CONCLUSION

23  For the foregoing reasons, defendant Nguyen's motion to compel is granted. Plaintiff Pezoa
24 shall provide a written response to request for production no later than September 18, 2007.

25  IT IS SO ORDERED.

26 Dated: *August 23, 2007*

27  /s/ Patricia V. Trumbull
   —————————————
   PATRICIA V. TRUMBULL
28  United States Magistrate Judge

1 | *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

3 | copies mailed on          to:

_____
CORINNE LEW
Courtroom Deputy